**EMERSON RADIO & PHONOGRAPH CORP.**

**v.**

**CALLANDER DISTRIBUTING CORP.**

United States District Court, S. D. New York.

Sept. 30, 1953.

Krisel, Lessall & Dowling, New York City, for plaintiff, Jacob Krisel, New York City, of counsel.

Dills & Schelker, New York City, for defendant, Walter G. Schelker, Jr., New York City, of counsel.

CONGER, District Judge.

Motion in an action removed from the State Court by the defendant, a foreign corporation not licensed to do business in New York, to quash service of process effected pursuant to the terms of an agreement between the parties.

Such agreement, a so-called Distributor Franchise, was in effect by its terms from July 1, 1952 to June 30, 1953.

Paragraph 11 of the agreement provides in pertinent part as follows:

> "* * * Distributor, by the execution and delivery hereof hereby irrevocably authorizes and confers power on Prentice Hall, Inc. of New York to accept in the name and on behalf of distributor service of process issued in any action or proceeding instituted therein against distributor by Emerson pertaining directly or indirectly to this agreement or to any matter arising therefrom, it being, among other things, the intention hereof that, at Emerson's election, the courts of the State of New York shall constitute the exclusive place of resort for determination of disputes between the parties hereto."

The language following the quoted portion of paragraph 11 concerns the method of effecting such service which method was concededly complied with by plaintiff on July 28, 1953.

Nevertheless, the defendant argues that the provision for service of process contained in the contract is void for reasons of public policy in that it is an agreement to oust any court except the courts of the State of New York from jurisdiction, citing for example, the Restatement of the Law of Contracts, Sec. 558, as condemnatory of such a condition.

In fact, the provision is perfectly proper for it is no more than a consent to the appointment of an agent for the service of process in New York. And such agreements have been sustained consistently. See Gilbert v. Burnstine,

1931, 255 N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453, for a discussion of this.

The remaining portion of the provision—"it being, among other things, the intention hereof that, at Emerson's election, the courts of the State of New York shall constitute the exclusive place of resort for determination of disputes between the parties hereto"—is an innocuous expression of what is implicitly intended by the consent portion of the provision. It must be obvious that any one who consents to a designation of an agent for the service of process within a jurisdiction anticipates that an aggrieved party may elect to sue him there.

For the foregoing reasons, the citation from the Restatement and other authorities are inapplicable.

The defendant finally argues that the service is invalid because (a) the agreement has expired and/or (b) the complaint does not allege that the merchandise was sold pursuant to the agreement.

(a) Sufficient answer to this contention is found in paragraph 10 of the agreement which reads in part:

> "The expiration or termination of this agreement shall be without prejudice to the rights of Emerson against the distributor, nor shall such expiration or termination relieve the distributor of any of its obligations to Emerson existing at the time of expiration or termination."

One of the "obligations" of this agreement is to adhere to the provision of paragraph 11.

(b) The complaint alleges in paragraph 4 that the goods were sold between July 1, 1952 and July 15, 1953. Paragraph 3 of the complaint alleges the agreement. I believe these two paragraphs meet defendant's objection, so that the suit is one "pertaining directly or indirectly to this agreement or any matter arising therefrom", for which Prentice Hall, Inc. is designee to accept process.

The defendant's motion is denied.

Settle order.